IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS C. LOVE,

        Plaintiff,                     Case No. 05-CV-74028

v.

                                       HON. GEORGE CARAM STEEH

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____/

ORDER GRANTING MOTION FOR ATTORNEY FEES AND EXPENSES (DOC #14)

This is a Social Security case in which plaintiff achieved a remand to the agency for further proceedings. Plaintiff now seeks an award of attorney fees in the amount of $3,090.95. The award is sought under the Equal Access to Justice Act (EAJA), 28 U.S.C § 2412, or alternatively pursuant to 42 U.S.C. § 406(b)(1). Because the court finds the government has not satisfactorily demonstrated a substantial justification for its actions in denying Social Security benefits to the plaintiff, the court will award attorney fees and expenses as requested by plaintiff.

This action originated as an appeal of a decision of the Commissioner denying Social Security disability benefits to the plaintiff. Suit was filed October 20, 2005 and on February 1, 2007 this court issued an Order denying the parties' cross-motions for summary judgment and accepting the magistrate's report and recommendation to remand the case.

The plaintiff bases his argument on the EAJA and, alternatively, 42 U.S.C. § 406(d)(1). Concerning the EAJA claim, set forth in 28 U.S.C. § 2412, four elements

must be met to warrant an award of attorney fees and expenses. The only element in dispute between the parties is whether, under 28 U.S.C. § 2412(d)(1)(B), the government's position was substantially justified. Pierce v. Underwood, 108 S. Ct. 2541, 2550 (1988) interpreted the phrase "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." If the government can demonstrate its position was substantially justified, then an award of attorney fees and expenses would be inappropriate. United States v. 0.376 Acres of Land, 838 F.2d 819, 820 (6th Cir. 1988). There has been no objection to the reasonableness or the amount of the fees.

Plaintiff makes a series of arguments illustrating why the court should grant the award. Most persuasive is the fact that the government has failed to abide by its own rules and regulations. Courts have found the government is not "substantially justified" when the Administrative Law Judge (ALJ) fails to comply with the Social Security Rulings (SSR). Plaintiff relies on the reasoning in two Wisconsin District Court cases in support of his argument. Lechner v. Barnhart, 330 F.Supp.2d 1005, 1009 (E.D. Wis. 2004) stands for the principle set forth under SSR 96-7p that a failure by the ALJ to consider all relevant evidence and factors will constitute a position of the government which is not substantially justified.[1] In the case at bar, the Magistrate Judge explained that the ALJ violated SSR 96-7p in assessing plaintiff's credibility and in failing to give sufficient reasons for the rejection of the opinion of plaintiff's physician. Plaintiff further

---

[1] SSR 96-7p (*verbatim*): The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision.

directs the court's attention to Samuel v. Burnhart, 316 F.Supp.2d 768, 773 (E.D. Wis. 2004), a case that found where the ALJ disregarded SSR 96-8p, the government's position was not substantially justified.

The government's arguments rest heavily upon reasoning from Cummings v. Sullivan, 950 F.2d 492, 500 (7th Cir. 1991) in connection with its assertion that a court must look at the totality of the government's conduct in assessing whether it was substantially justified. The government quotes Jackson v. Chater, 94 F.3d 274, 279-280 (7th Cir. 1996) to further support this theory: "[b]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action." The government accords significant weight to these cases, pointing out that it prevailed on one of plaintiff's claims of error in front of the magistrate. In an attempt to downplay the plaintiff's success on the remaining two issues, the government argues that the ALJ's errors in articulating his conclusions were not substantive shortcomings of the government. However, this appears to be a concession that these inadequacies were actually violations of the SSR discussed above.

The court awards attorney fees and expenses in the amount of $3,090.95 to the plaintiff, finding the government failed to meet its burden to show substantial justification for its determination not to award benefits to the plaintiff. The government's argument that it was substantially justified is overcome by its failure to follow the SSR.

Inasmuch as fees and expenses are awarded under 28 U.S.C. § 2412, it is unnecessary to undertake an analysis under 42 U.S.C. § 406.

IT IS SO ORDERED.

Dated: July 3, 2007

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 3, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk